# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>)<br>) |
| Plaintiff, | )  Civil Action No.: 1:19-cv-598 |
| v. | )  **COMPLAINT** |
| PROTOCOL OF AMHERST, INC., D/B/A PROTOCOL RESTAURANT, | )<br>)  **Jury Trial Demanded** |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Laurie Cavalier (formerly Laurie Wager) and other similarly aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12-23 below, the Equal Employment Opportunity Commission alleges that Defendant, Protocol of Amherst, Inc., d/b/a Protocol Restaurant, violated Title VII by subjecting Charging Party and other aggrieved female employees to a hostile work environment based on their sex. The Commission further alleges that Defendant discharged Charging Party and other aggrieved female employees because they rejected the sexual advances of Defendant's owner, Paul Pelczynski, and that Defendant constructively discharged other aggrieved female employees by creating and maintaining a hostile work environment on the basis of sex.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of New York.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Protocol of Amherst, Inc., d/b/a Protocol Restaurant ("Defendant"), a New York corporation, has continuously been doing business in the State of New York and the Town of Amherst, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, Charging Party Laurie Cavalier (formerly Laurie Wager) filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On February 7, 2019, the Commission issued a Letter of Determination to Defendant notifying Defendant that the Commission found reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On March 26, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least January 1, 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Charging Party and other aggrieved female employees to a hostile work environment based on sex.

13. Since at least January 1, 2016, Paul Pelczynski has served as Defendant's sole owner, president, and general manager.

14. As Defendant's sole owner and president, Pelczynski is Defendant's proxy or alter ego for purposes of liability under Title VII.

15. Charging Party began working for Defendant as a bartender in October 2017.

16. Charging Party worked for Defendant from October 2017 until May 2018, when she was discharged by Defendant.

17. Throughout Charging Party's employment, Pelczynski subjected Charging Party and other aggrieved female employees to unwelcome conduct and comments of a sexual nature, including, but not limited to:

   a. Grabbing female employees' buttocks;

   b. Kissing female employees on the lips and forehead;

   c. Rubbing, pressing up against, or brushing up against female employees;

   d. Touching female employees on the waist, shoulders, and lower back;

   e. Inviting female employees out for drinks and/or dinner;

   f. Inviting female employees to "go across the street" with him, referring to a local restaurant and hotel;

   g. Inviting female employees to share a "Jacuzzi room" with him;

   h. Asking female employees to have sex with him;

   i. Suggesting that female employees engage in a "threesome" with him;

   j. Making comments about the bodies of female employees and customers, including their breasts and buttocks;

   k. Telling female employees to dress "sexier" for work;

   l. Displaying pornography in his office in view of employees; and

   m. Sending a group text to employees with pornography in the background.

18. Pelczynski's conduct created a hostile work environment for Charging Party and other aggrieved female employees.

19. Charging Party and other aggrieved female employees who objected to Pelczyznki's conduct and/or rejected his advances were given fewer hours and less desirable assignments, and were sometimes shorted pay.

20. In or around May 2018, Defendant reduced Charging Party's hours and eventually terminated her employment for pretextual reasons.

21. Defendant discharged and/or constructively discharged Charging Party and other aggrieved female employees because they objected to Pelczynski's conduct and/or rejected his advances in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1).

22. Defendant constructively discharged other aggrieved female employees by creating and maintaining a hostile work environment on the basis of sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), to the point where working conditions became so intolerable that the employees were compelled to resign.

23. For example, a hostess resigned in 2018 because she could no longer endure Pelczynski's harassing conduct.  A server quit in 2017 because of the hostile work environment created by Pelczynski.  And a bartender/server quit in 2018 because of Pelczynski's verbal and physical harassment.

24. The effect of the practices complained of in paragraphs 12 to 23 above has been to deprive Charging Party and other aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

25. The unlawful employment practices complained of in paragraphs 12 to 23 above were and are intentional.

26.     The unlawful employment practices complained of in paragraphs 12 to 23 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and other aggrieved female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it, from engaging in unlawful employment practices that discriminate on the basis of sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of Defendant's past and present unlawful employment practices.

C.      Order Defendant to make whole Charging Party and other similarly aggrieved individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.      Order Defendant to make whole Charging Party and other similarly aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 to 23 above, in amounts to be determined at trial

E.      Order Defendant to make whole Charging Party and other similarly aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the

unlawful employment practices complained of in paragraphs 12 to 23 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial

  F. Order Defendant to pay Charging Party and other similarly aggrieved individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 12 to 23 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 9, 2019
   Buffalo, New York

              Respectfully submitted,

              JAMES L. LEE
              Deputy General Counsel

              GWENDOLYN YOUNG REAMS
              Associate General Counsel

              U.S. EQUAL EMPLOYMENT
              OPPORTUNITY COMMISSION
              131 M Street, N.E.
              Washington, D.C. 20507

              JEFFREY BURSTEIN
              Regional Attorney
              jeffrey.burstein@eeoc.gov

              NORA CURTIN
              Supervisory Trial Attorney
              nora.curtin@eeoc.gov

              EQUAL EMPLOYMENT OPPORTUNITY
              COMMISSION

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

/s/  Elizabeth Fox-Solomon
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, New York 14202
Tel:  716-431-5010
Fax:  716-551-4387
Email:  elizabeth.fox-solomon@eeoc.gov