UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY       **REPORT AND**
COMMISSION,      **RECOMMENDATION**

         Plaintiff,

v.      19-CV-00598-LJV-JJM

PROTOCOL OF AMHERST, INC.,
D/B/A PROTOCOL RESTAURANT,

         Defendant.
_____

         Plaintiff Equal Employment Opportunity Commission ("EEOC") is the federal agency charged with the enforcement of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. The EEOC commenced this action under Title VII, alleging that defendant Protocol of Amherst, Inc. ("Protocol"), through its owner, Paul Pelczynski, violated Title VII by subjecting various of its female employees to a hostile work environment based on sex. Complaint [1].[1]

         Before the court is the EEOC's motion to strike Protocol's second, twelfth and fourteenth affirmative defenses pursuant to Fed. R. Civ. P. ("Rule") 12(f). [9]. Having reviewed the parties' submissions [9, 14, 15], for the following reasons I recommend that the motion be granted.

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

## DISCUSSION

A.   **Protocol's Second Affirmative Defense**

Protocol's second affirmative defense alleges that "[t]he only aggrieved parties who are entitled to bring claims are those parties identified during the Plaintiff's investigation whose alleged claims occurred within 300 days of Charging Party Laurie Cavalier (formerly Laurie Wager) filing of a charge of discrimination with the Plaintiff alleging violations of Title VII by Defendant." Protocol's Answer [6]. However, the claims asserted in this action are those of the EEOC, not individual employees. As the EEOC notes, it is "not a mere representative of, or proxy for, individual victims of discrimination", and "does not function simply as a vehicle for conducting litigation on behalf of private parties". *See* EEOC's Memorandum of Law [9-1], p. 6 and authorities cited therein.

In any event, while "there is conflicting authority on the question of whether the EEOC can recover for Title VII violations arising more than 300 days prior to the filing of the charge . . . . the cases addressing the question in this district have held that it can". <u>EEOC v. Staffing Solutions of WNY, Inc.</u>, 2020 WL 1131221, *1 (W.D.N.Y. 2020).

B.   **Protocol's Twelfth and Fourteenth Affirmative Defenses**

Protocol's twelfth and fourteenth affirmative defenses allege that "[t]he EEOC failed to engage in a good faith conciliation and the EEOC failed to provide Frontier with information that would allow Frontier to investigate the claims",[2] and that "[s]ome or all of Charging Party Laurie Cavalier (formerly Laurie Wager) and/or any other individual the EEOC purports to represent Title VII claims are barred due to the EEOC's failure to adequately and

---

[2]   The reference to "Frontier" in the twelfth affirmative defense is a typographical error, and was intended to refer to Protocol. EEOC's Memorandum of Law [9-1], p. 11, n. 2.

fairly endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation or persuasion, as required by 42 U.S.C. §2000e-5(b)." Protocol's Answer [6].[3]

However, Title VII "eschew[s] any . . . duties of good-faith negotiation". Mach Mining, LLC v. E.E.O.C., 575 U.S. 480, 491 (2015). "The statute demands . . . that the EEOC communicate in some way (through 'conference, conciliation, and persuasion') about an 'alleged unlawful employment practice' in an 'endeavor' to achieve an employer's voluntary compliance. §2000e–5(b). That means the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause' . . . . Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result. And the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (*and nothing else*) ensures that the Commission complies with the statute." Id. at 494 (emphasis added).

"[T]he EEOC's conciliation requirement is a precondition to suit." E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 469 (5th Cir. 2009). Rule 9(c) requires that conditions precedent be alleged in the Complaint and denied "with particularity". Since the EEOC's Complaint alleges compliance with its conciliation obligations ([1], ¶¶7-11) and Protocol has responded to those allegations ([6], ¶¶7-11), Protocol's twelfth and fourteenth affirmative defenses should be stricken as redundant. *See* Rule 12(f) ("[t]he court may strike from a pleading any redundant . . . matter").

---

[3]     The reference to "Frontier" in the twelfth affirmative defense is a typographical error, and was intended to refer to Protocol.

**CONCLUSION**

For these reasons, I recommend that the EEOC's motion to strike [9] be granted. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by April 24, 2020.[4] Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 16, 2020

                          /s/ Jeremiah J. McCarthy
                          JEREMIAH J. MCCARTHY
                          United States Magistrate Judge

---

[4] By Text Order dated February 18, 2020 [29] I granted Protocol's attorneys' motion for leave to withdraw and stated that "[s]hould defendant fail to appear through counsel by March 31, 2020, it may be subject to entry of default judgment in favor of plaintiff".