UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

         Plaintiff,

v.

PROTOCOL OF AMHERST, INC.,
D/B/A PROTOCOL RESTAURANT,

         Defendant.
_____

**REPORT AND RECOMMENDATION**

19-CV-00598-LJV-JJM

    Before the court are motions by plaintiff Equal Employment Opportunity Commission ("EEOC") for a default judgment against defendant Protocol of Amherst, Inc. ("Protocol") [36][1] and for approval and entry of a Consent Judgment [56]. Having reviewed the parties' submissions [36, 37, 39, 43, 47, 52, 54, 56, 57, 61, 66, 67], for the following reasons I recommend that the EEOC's motion for approval and entry of a Consent Judgment [56] be granted, and that its motion for a default judgment [36] be denied as moot.

## BACKGROUND

    The EEOC commenced this action on May 5, 2019, alleging that Protocol, through its owner, Paul Pelczynski, violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) by subjecting various of its female employees to a hostile

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

work environment based on sex. Complaint [1]. By Text Order dated February 18, 2020 [29], I granted Protocol's attorneys' motion for leave to withdraw, stating that "[s]hould defendant fail to appear through counsel by March 31, 2020, it may be subject to entry of default judgment in favor of plaintiff".

When Protocol failed to do so, the EEOC obtained an entry of default [32] and thereafter moved for a default judgment [36]. By Text Order dated June 15, 2020 [41], I gave Protocol until June 30, 2020 to "file, through counsel, an opposition to plaintiff's motion for default judgment", but cautioned that it "may contest damages only, not liability". On June 30, 2020 attorney Scott DeLuca appeared on behalf of Protocol [42] and requested a further extension of time "so that the parties may engage in settlement discussions" [43], p. 2. On July 17, 2020 he advised me that "the parties have reached a settlement in principle of the referenced litigation", and "must now reduce those settlement terms to a consent decree for approval by the Court" [47].

Thereafter, the parties executed a Consent Decree [56-2], the terms of which were personally guaranteed by Mr. Pelczynski, including a "Joint Stipulation for Final Judgment" against Protocol and/or Pelczynski. However, by letter dated August 28, 2020 [57-1], Protocol stated that "[c]ircumstances have changed which make it very unlikely that [it] will be able to meet the obligations imposed by the Consent Decree. Therefore, [Protocol] hereby withdraws its execution of said Consent Decree and further states it does not consent to the terms of the Consent Decree or submission of same to the Court".

In opposing the EEOC's motion to confirm the Consent Decree, Protocol argues that "the circumstances under which Defendant executed the Consent Decree changed shortly after it was executed by Mr. Pelczynski. In short, the financial arrangement which undergirded

Defendant's decision to enter the Consent Decree evaporated. At present, because of this circumstance, Defendant does not have the means to make the payment required by the Consent Decree. Moreover, since Defendant is no longer operating and is not generating revenue, Defendant does not have any other leads for obtaining financing to meet the economic obligations set forth in the Consent Decree. It was these circumstances alone which compelled Defendant's decision to withdraw its execution of the Consent Decree." Protocol's Response [66], p. 1.

## DISCUSSION

"While a consent decree is a judicial pronouncement, it is principally an agreement between the parties and as such should be construed like a contract . . . . Traditional contract principles apply." Crumpton v. Bridgeport Education Association, 993 F.2d 1023, 1028 (2d Cir. 1993).

Protocol does not argue that the Consent Decree was invalid when made. Instead, it argues that its inability to pay developed "shortly after it was executed". However, "the validity of a contract is to be determined as of the time it is made", Jones v. Management and Computer Services, Inc., 976 F.2d 857, 860 (3d Cir. 1992), and "inability to pay is no defense to [its] performance". Sunflower Oil Co. v. Wilson, 142 U.S. 313, 321 (1892). *See also* Christy v. Pilkinton, 224 Ark. 407, 407, 273 S.W.2d 533, 533 (1954) ("defendants' evidence tended to show that, as a result of a decline in Christy's used car business, they do not possess and cannot borrow the unpaid balance of $29,900. Proof of this kind does not establish the type of impossibility that constitutes a defense").

While Protocol "does not believe the public's interests are served by the Court's approval of an agreement where one of the parties withdrew from the agreement before the Court approved the Consent Decree" ([66], p. 2), "[d]uring the interim between acceptance and Court disposition . . . the Defendants do not remain free to disavow or repudiate their contract with Plaintiff". <u>Wizniewski v. Parks</u>, 169 Misc. 2d 326, 330 (Sup. Ct. 1996). "[T]he public policy inherent in upholding the validity of freely negotiated contracts outweigh[s] the call to do equity merely because the defendants find less hidden treasure in what they bought than they hoped for." <u>In re M & M Transportation Co.</u>, 13 B.R. 861, 868 (Bankr. S.D.N.Y. 1981).

Finally, Protocol is "throwing itself on the mercy of the Court". [66], p. 2. While I am not unsympathetic to the situation in which Protocol and Mr. Pelczynski find themselves, "[e]quity should not intrude itself where knowledgeable parties contract and where they have not been overborne by actions of the other party". <u>M & M Transportation</u>, 13 B.R. at 868. Thus, "courts, even in equity must respect lawful contracts made by competent persons, and sympathy is not a ground for equitable relief". <u>In re Albracht</u>, 505 B.R. 347, 360 (Bankr. N.D. Ga. 2013).

**CONCLUSION**

For these reasons, I recommend that the EEOC's motion for approval and entry of a Consent Judgment [56] be granted, and that its motion for a default judgment [36] be denied as moot. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by November 10, 2020. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 27, 2020

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge